Entered on Docket
July 22, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: July 22, 2020**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 19-31225 DM |
| ROSE COURT, LLC, | ) Chapter 11 |
| Debtor. | ) |
| ROSE COURT, LLC, | ) Adversary Case No. 19-03058-DM |
| Plaintiff, | ) |
| v. | ) MEMORANDUM DECISION REGARDING |
| | ) DEFENDANTS' MOTION TO DISMISS |
| | ) AND DEBTOR'S MOTION TO AMEND |
| U.S. BANK NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.; SELECT PORTFOLIO SERVICING, INC.; and QUALITY LOAN SERVICE CORPORATION, | ) THE FIRST AMENDED COMPLAINT |
| Defendants. | ) |

-1-

In this adversary proceeding, Rose Court LLC ("Debtor") is attempting to invalidate a foreclosure sale of certain property located in Monte Sereno, California (the "Property") that occurred on November 25, 2019. After this court dismissed the original complaint, Debtor filed a first amended complaint (the "FAC"). Defendant Quality Loan Services ("Quality") filed the underlying motion to dismiss ("MTD") the FAC. Defendants Select Portfolio Servicing, Inc. ("Select Portfolio") and U.S. Bank N.A. ("U.S. Bank") joined the MTD.[1]

Debtor opposed the MTD and moved for leave to amend the FAC (the "Motion to Amend"). Select Portfolio and Quality opposed the Motion to Amend. For the reasons set forth below, the court is granting the MTD and denying the Motion to Amend.

I. The FAC and MTD

A. Allegations Regarding Falsified Note

In the introductory section of the FAC, Debtor states in paragraph 7:

> 7. PLAINTIFF is informed and believes and, based thereon, alleges that Defendant U.S. BANK, through a falsified note instrument and falsified void allonge instrument, is part of a fraudulent collection scheme and is a creditor with a disputed claim allegedly secured by the PLAINTIFF'S real property located at 15520 Quito Road, Monte Sereno, California 95030 (the "SUBJECT PROPERTY").

See FAC at dkt. 31, p. 3, lines 3-9. Apart from that introductory paragraph, Debtor does not plead any facts giving rise to that purported claim. To the contrary, the "General

---

[1] Quality, Select Portfolio, and U.S. Bank are collectively referred to as "Defendants."

-2-

Allegations" in paragraphs 12-25 do not mention the purportedly falsified note, and neither does the first and only claim for relief, which focuses on the purported irregularities of the foreclosure sale.

B. Allegations Regarding Noncompletion of Foreclosure Sale

Debtor asserts in the FAC and in other pleadings that no foreclosure sale actually occurred. Paragraph 15 of the FAC states that the sale was postponed:

> On November 25, 2019, at 10:22 a.m., the date of the supposed auction, having been no bids by the creditor nor the public, LAM announced publicly that the sale would be postponed, upon which, on information and belief, all bidders relied.

Debtor alleges in paragraph 16 of the FAC that on December 5, 2019, "despite the sale having been publicly postponed after no bids and no credit bid, Quality fraudulently executed a Trustee's Deed Upon Sale allegedly transferring the Subject Property to Defendant U.S. BANK pursuant to the falsely alleged Foreclosure Sale." Yet the FAC itself provides a transcript of the sale that is inconsistent with the contention that the sale was postponed and did not occur:

> Good Morning. My name is Chapman. I'm here to conduct a trustee's sale. Today, I will sell for Quality Loan Service Corporation going to sell Trustee Sale Number CA-14-655475-HL, with an APN of 410-36-007 and a purported address of 15520 Quito Road, Monte Sereno, C-A, 95030.
>
> <u>I have a clear specific bid in the amount of $3,583,288.06. Does anybody wish to step over and qualify?</u>

> Trustee's sale number C-A-14-655475-HL, trustor, Teri
> Ha Nguyen, a married woman, under deed of trust dated
> April 24th, 2007, recorded on May 1st, 2007,
> instrument number 19406773 of official records of
> Santa Clara County, State of California, covering
> property in said county and state, described as APN
> 410-36-007. The common destination is purported to be
> 15520 Quito Road, Monte Sereno City, C-A, 95030. No
> warranty is given as to the completeness or the
> correctness of this address. Sale of the property is
> on an as is basis and without covenant or warranty,
> expressed or implied, regarding title, condition,
> possession or encumbrances.
>
> <u>I have been authorized by the trustee and beneficiary
> to place an opening bid in the amount of 3,583,288.06.
> Are there any further bids? No. No bidders, no person
> present.</u>
>
> <u>So for the second time, anyone want to bid? For the
> third and final time, any more bid? Okay. So nobody
> here, so **the property is sold back to the beneficiary
> with no bidders**. So the bidding is closed.</u>

*See* FAC, dkt. 31 at 4:28 (emphasis added). Despite this clear statement by the auctioneer at the duly noticed foreclosure sale, Debtor asserts that the sale was postponed.

After the sale concluded and was verbally confirmed, Debtor's managing members asked the auctioneer about the consequences of the new bankruptcy case on the sale. The transcript of the sale is clear and any other conversations between the managing members and the auctioneer do not overcome the presumption of the validity of the foreclosure sale, particularly when the trustee's deed was delivered. *See* Cal. Civ. Code § 2924h ("[T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the

-4-

trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day"). That presumption became conclusive upon delivery of the trustee's deed to the successful bidder. *Biancalana v. T.D. Serv. Co.*, 56 Cal. 4th 807, 814, 300 P.3d 518, 522 (2013).

In light of the foregoing, the court will GRANT the MTD.

II. The Motion to Amend the FAC

In the Motion to Amend and the proposed second amended complaint ("SAC"), Debtor contends that the underlying note and deed of trust are unenforceable. The SAC alleges that the signature of managing member Teri H. Nguyen ("Nguyen") was forged. This is at least the fourth action since 2017 filed by Nguyen and Debtor contesting the validity and enforceability of the underlying note and the deed of trust.[2]

Federal Rule of Civil Procedure 41(a)(1)(B) ("Rule 41"), made applicable by Federal Rule of Bankruptcy Procedure 7041, provides that a voluntary dismissal is without prejudice unless the plaintiff previously dismissed any federal or state court action based on or including the same claim:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, <u>a notice</u>

---

[2] The court notes that prior to 2017, Debtor and/or Nguyen filed and dismissed multiple actions contesting the validity of the note and deed of trust. *See* Declaration of Teri Nguyen in Support of Opposition to Motion for Relief to the Automatic Stay filed on December 18, 2012 in *In re Rose Court, LLC* at dkt. 22 (Case No. 12-58012).

-5-

<u>of dismissal operates as an adjudication on the merits.</u>"

*Id.*

Since 2017, Debtor has voluntarily dismissed the following actions against Select Portfolio and Quality that – like the current action – challenged their right to foreclose:

   (1)  *Rose Court LLC v. Select Portfolio Servicing Inc., et al*, Case No. 17CV313755 in the Superior Court of the State of California, County of Santa Clara filed on February 21, 2018 (*see* Exh. 1-3 to the Request for Judicial Notice ("RJN") at dkt. 57));

   (2)  *Rose Court LLC and Teri H. Nguyen v. Select Portfolio Servicing Inc., et al*, Case No. CGC-19-580261 in the Superior Court of the State of California, County of San Francisco filed on December 22, 2019, and removed to the U.S. District Court as Case No. 3:19-CV-07688-LB (*see* Exh. 4-5 to the RJN).

   (2)  *Rose Court LLC, et al. v. Select Portfolio Servicing, Inc. et al.*, Case No. 19-CV-359333 in the Superior Court for the State of California, County of Santa Clara, Case No. 19-CV-359333 (*see* Exh. 6-7 to the RJN).

Debtor seeks to amend the FAC to add claims that the note and deed of trust on the Property are unenforceable for reasons unrelated to the foreclosure sale. The claims that Debtor seeks to add were asserted in the three lawsuits that Debtor voluntarily dismissed. Under Rule 41(a)(1), these two voluntary dismissals operate as an adjudication on the merits of the claims Debtor wants to

-6-

add.  Consequently, because such an amendment is futile, the court will deny Debtor's Motion to Amend.

III. CONCLUSION

For the reasons stated above, the court is granting the MTD and denying the Motion to Amend.  Counsel for Select Portfolio should prepare orders GRANTING the MTD and DENYING the Motion to Amend "for the reasons set forth" in this memorandum decision.[3] Counsel should comply with B.L.R. 9021-1(c) before uploading the order.

**END OF MEMORANDUM DECISION**

---

[3] The order should not repeat the findings and conclusions of this decision.

<u>COURT SERVICE LIST</u>

ECF Recipients